UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>        Defendant. | Civil Action No. 1:26-cv-00003-JEB |

**ANSWER**

Defendant U.S, Department of the Interior ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayers for relief in the Complaint as follows:

1.      The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, with respect to Plaintiff's characterization of his FOIA requests, Defendant avers that the requests are the best evidence of their contents and respectfully refers the Court to the requests for a complete and

1

accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the requests.

## PARTIES[1]

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about the Plaintiff. To the extent that a response is required, Defendant denies the allegations.

3.      Admit.

## JURISDICTION AND VENUE

4.      This paragraph sets forth Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

5.      This paragraph sets forth Plaintiff's legal conclusions regarding venue to which no response is required. To the extent that a response is deemed required, Defendant admits that the Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## APRIL 1, 2025 FOIA REQUEST TO DOI

6.      Admit.

7.      Admit.

8.      Admit.

---

[1]      Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (see Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Deny.  Defendant avers that it sent correspondence to Plaintiff on December 23, 2025.

17.     Admit.

18.     Admit.

**APRIL 2, 2025 FOIA REQUEST TO DOI**

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion) and on February 13, 2026 (the final production for this request).

25.     Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

26.     Deny. Defendant avers that Defendant informed the requester there were no responsive records on February 13, 2026. The remainder of this paragraph consists of legal conclusions, to which no response is required.

**MAY 1, 2025 FOIA REQUEST TO DOI**

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.     Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion) and on February 13, 2026 (the final production for this request).

36.     Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

37.     Deny.  Defendant avers that Defendant made the responsive records available to Plaintiff on February 13, 2026.  The remainder of this paragraph consists of legal conclusions, to which no response is required.

**JUNE 26, 2025 FOIA REQUEST TO DOI**

38.     Admit.

39.     Admit.

40.     Admit.

41.    Admit.

42.    Admit.

43.    Admit.

44.    Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025

45.    Admit.

46.    Admit.

### JULY 1, 2025 FOIA REQUEST TO DOI-SCHAFLE REQUEST

47.    Admit.

48.    Admit.

49.    Admit.

50.    Admit.

51.    Admit.

52.    Admit.

53.    Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion and a request to narrow the scope of the request) and on February 13, 2026 (the final production for this request).

54.    Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

55.    Deny.  Defendant avers Defendant made the responsive records available to Plaintiff on February 13, 2026.  The remainder of this paragraph consists of legal conclusions, to which no response is required.

## JULY 1, 2025 FOIA REQUEST TO DOI-SUESS REQUEST

56.    Admit.

57.    Admit.

58.    Admit.

59.    Admit.

60.    Admit.

61.    Admit.

62.    Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion).

63.    Admit.

64.    Admit.

## JULY 1, 2025 FOIA REQUEST TO DOI-GUSTAFSON REQUEST

65.    Admit.

66.    Admit.

67.    Admit.

68.    Admit.

69.    Admit.

70.    Admit.

71.    Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion and a request to narrow the scope of the request).

72.    Admit.

73.    Admit.

**JULY 18, 2025 FOIA REQUEST TO DOI**

74.     Admit.

75.     Admit.

76.     Admit.

77.     Admit.

78.     Admit.

79.     Admit.

80.     Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 and an interim response was issued on January 16, 2026.

81.     Admit.

82.     Admit.

**AUGUST 1, 2025 FOIA REQUEST TO DOI**

83.     Admit.

84.     Admit.

85.     Admit.

86.     Admit.

87.     Admit.

88.     Admit.

89.     Admit.

90.     Deny.  Defendant avers that correspondence to Plaintiff regarding this request was issued on December 23, 2025 (which included an estimated date of completion).

91.     Admit.

92.     Admit.

### COUNT 1—DOI'S FOIA VIOLATION APRIL 1, 2025 FOIA REQUEST TO DOI

93.    Paragraphs 1-92 are incorporated by reference.

94.    This paragraph consists of legal conclusions, to which no response is required.

95.    Admit.

96.    This paragraph consists of legal conclusions, to which no response is required.

97.    Deny.

98.    Admit.

99.    Admit.

### COUNT II—DOI'S FOIA VIOLATION APRIL 2, 2025 FOIA REQUEST TO DOI

100.    Paragraphs 1-92 are incorporated by reference.

101.    This paragraph consists of legal conclusions, to which no response is required.

102.    Admit.

103.    This paragraph consists of legal conclusions, to which no response is required.

104.    Deny.

105.    Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

106.    Deny.  Defendant avers that all non-exempt records responsive to the request were released on February 13, 2026.

### COUNT III—DOI'S FOIA VIOLATION MAY 1, 2025 FOIA REQUEST TO DOI

107.    Paragraphs 1-92 are incorporated by reference.

108.    This paragraph consists of legal conclusions, to which no response is required.

109.    Admit.

110.    This paragraph consists of legal conclusions, to which no response is required.

111.    Deny.

112.    Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

113.    Deny.  Defendant avers that all non-exempt records responsive to the request were released on February 13, 2026.

### COUNT 1V—DOI'S FOIA VIOLATION JUNE 26, 2025 FOIA REQUEST TO DOI

114.    Paragraphs 1-92 are incorporated by reference.

115.    This paragraph consists of legal conclusions, to which no response is required.

116.    Admit.

117.    This paragraph consists of legal conclusions, to which no response is required.

118.    Deny.

119.    Admit.

120.    Admit.

### COUNT V—DOI'S FOIA VIOLATION JULY 1, 2025 FOIA REQUEST TO DOI— SCHAFLE REQUEST

121.    Paragraphs 1-92 are incorporated by reference.

122.    This paragraph consists of legal conclusions, to which no response is required.

123.    Admit.

124.    This paragraph consists of legal conclusions, to which no response is required.

125.    Deny.

126.    Deny.  Defendant avers that a determination on Plaintiff's request was issued on February 13, 2026.

127.    Deny.  Defendant avers that all non-exempt records responsive to the request were released on February 13, 2026.

**COUNT V1—DOI'S FOIA VIOLATION JULY 1, 2025 FOIA REQUEST TO DOI—SUESS REQUEST**

128.    Paragraphs 1-92 are incorporated by reference.

129.    This paragraph consists of legal conclusions, to which no response is required.

130.    Admit.

131.    This paragraph consists of legal conclusions, to which no response is required.

132.    Deny.

133.    Admit.

134.    Admit.

**COUNT VI1—DOI'S FOIA VIOLATION JULY 1, 2025 FOIA REQUEST TO DOI—GUSTAFSON REQUEST**

135.    Paragraphs 1-92 are incorporated by reference.

136.    This paragraph consists of legal conclusions, to which no response is required.

137.    Admit.

138.    This paragraph consists of legal conclusions, to which no response is required.

139.    Deny.

140.    Admit.

141.    Admit.

**COUNT VII1—DOI'S FOIA VIOLATION JULY 18, 2025 FOIA REQUEST TO DOI**

142.    Paragraphs 1-92 are incorporated by reference.

143.    This paragraph consists of legal conclusions, to which no response is required.

144.    Admit.

145.    This paragraph consists of legal conclusions, to which no response is required.

146.    Deny.

147.    Admit.

148.    Admit.

## COUNT IX—DOI'S FOIA VIOLATION AUGUST 1, 2025 FOIA REQUEST TO DOI

149.    Paragraphs 1-92 are incorporated by reference.

150.    This paragraph consists of legal conclusions, to which no response is required.

151.    Admit.

152.    This paragraph consists of legal conclusions, to which no response is required.

153.    Deny.

154.    Admit.

155.    Admit.

The remainder of the complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

### Second Defense

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### Third Defense

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### Fourth Defense

Plaintiff is neither eligible for, nor entitled to attorney's fees or costs.

Dated: March 4, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      /s/ Amanda L. Torres
AMANDA L. TORRES
D.C. Bar # 1562702
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2507

*Attorneys for the United States of America*